UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANESSA MARY JONES, INDIVIDUALLY AND AS ADMINISTRATOR OF THE SUCCESSION OF HENDERSON JONES | CIVIL ACTION |
| VERSUS | No. 12-1472 |
| MORTGAGE CLEARING CORPORATION, LARRY ENGLANDE AND STATE FARM FIRE AND CASUALTY COMPANY | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] to remand the above-captioned matter to state court filed by plaintiff, Vanessa Mary Jones ("Jones"). Defendants, Larry Englande ("Englande") and ICMAC, LLC ("ICMAC"), oppose[2] the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

The dispute in this case involves a flood insurance proceeds check that was issued by State Farm Fire and Casualty Company ("State Farm") under a standard flood insurance policy ("SFIP").[3] The policy was written pursuant to the National Flood Insurance Program ("NFIP") for coverage of flood damage to a residence purchased by Jones' deceased parents.[4]

Jones' parents received a loan to purchase the property.[5] The loan was secured by a mortgage on the property that was sold to GMAC Capital Holding Corporation ("GMAC") and

---

[1] R. Doc. No. 4.

[2] R. Doc. No. 7.

[3] R. Doc. No. 1-2, pp. 2-7.

[4] R. Doc. No. 3-9, pp. 2-3, §§15-28; R. Doc. No. 1, p. 2.

[5] *Id.*

later assigned to Mortgage Clearing Corporation ("MCC").[6] ICMAC ultimately acquired the loan, but MCC remained mortgagee of record and serviced the loan for ICMAC.[7] The loan went into default in March, 2003, and MCC filed a state court action to enforce the mortgage in May, 2005.[8] In February, 2010, MCC obtained an *in rem* judgment in its action to enforce the mortgage and it proceeded with foreclosure of the property.[9]

After the property was damaged by Hurricane Katrina, State Farm issued a flood insurance proceeds check in accordance with the SFIP.[10] The check was made payable to Jones, her father, Henderson Jones, and GMAC "and or its assignee Mortgage Clearing Corp."[11] State Farm delivered the check to Alvin Bordelon ("Bordelon), counsel for Englande and ICMAC.[12] In January, 2012, Bordelon notified Jones that he possessed the check, but that he would soon return it to State Farm if the parties could not reach an agreement for splitting the proceeds as State Farm would be ending its service of the NFIP on February 20, 2012.[13]

Thereafter, Jones, individually and as Administrator of the Succession of her father, filed a "petition for concursus proceedings and temporary restraining order" ("Petition for Injunctive Relief") against MCC, Englande,[14] and State Farm in the Civil District Court for the Parish of

---

[6] *Id.*

[7] *Id.*

[8] R. Doc. No. 3-9, pp. 2-3, ¶ ¶ 21 and 23.

[9] *Id.* at p. 5, ¶ 49.

[10] R. Doc. No. 1-2, p. 2 ¶ 9.

[11] R. Doc. No. 3-1, ¶ 3.

[12] R. Doc. No. 1-2, pp. 3-4, §§ 17 and 23.

[13] R. Doc. No. 1-2, pp. 3-4, ¶¶ 17 and 21.

[14] Larry Englande was incorrectly named as "Larry English" in plaintiff's petition. R. Doc. No. 1, p. 6.

Orleans, State of Louisiana, seeking to enjoin Bordelon from returning the check to State Farm.[15] Because Bordelon had already returned the check before the state court could issue the requested injunctive relief, the state court dismissed Jones' petition as moot.[16]

After dismissal of her original petition, Jones filed a supplemental and amending petition ("Amended Petition") in the state court action naming MCC, State Farm, ICMAC, and Englande as defendants.[17] Jones' Amended Petition asserts claims against defendants MCC, ICMAC, and Englande pursuant to Louisiana Revised Statutes §§ 6:337 and 6:338, which prescribe requirements for lenders that receive insurance proceeds for damages to residential property.[18] Jones has also asserted claims against these three defendants for negligence pursuant to La. Civ. Code Art. 2315, and for violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. 51:1401, *et. seq.*[19] In her prayer for relief, Jones seeks a judgment against MCC, ICMAC, and Englande, "jointly severally and *in solido* for all damages reasonable under the premises, all actual damages, attorney's fees and costs, together with all general and equitable relief as the law and facts may warrant."[20]

---

[15] R. Doc. No. 3-1. Jones had the petition served on Englande, but she asked that service be withheld on MCC and State Farm. *Id.*

[16] R. Doc. No. 3-12.

[17] Jones requested service of her Amended Petition on MCC, ICMAC, and Englande, but she requested that service on State Farm be withheld. R. Doc. No. 1-2, p. 7.

[18] R. Doc. No. 1-2, pp. 2-4, ¶¶ 11, 12, and 17. La. Rev. Stat. 6:337 was enacted in 2006 to regulate the handling of insurance proceeds in excess of $25,000 or more that are paid for a claim on residential property in connection with damage caused by Hurricanes Katrina and Rita. It requires, among other things, that if such payments are made by "check or draft" payable jointly to the claimant and the person holding the mortgage, the check must be placed into an interest bearing escrow account. La. Rev. Stat. 6:337 (A). When the damaged property is replaced or otherwise repaired, any remaining balance in the escrow account must be paid to the claimant together with all accrued interest, and the holder of the security interest must "cooperate fully with the claimant and the claimant's insurer in releasing funds in a timely manner to replace or repair the damaged property." *Id.* at (B).

[19] R. Doc. No. 1-2, pp. 2-3 and 6, ¶¶ 13, 31, and 32.

[20] R. Doc. No. 1-2, pp. 2-3 and 6, ¶¶ 13 and 32.

Jones has not requested service of her Amended Complaint on State Farm or any specific relief with respect to State Farm; however, she alleges that State Farm was negligent when its counsel refused to turn over the proceeds check to her after she requested it on February 22, 2012.[21]

After being served with Jones' Amended Petition, Englande and IMCAC removed the state court action to this Court based on federal question jurisdiction.[22] Jones has filed a motion to remand arguing that that there is no federal question present on the face of her complaint because her claims arise under state, and not federal law.[23] Englande and ICMAC oppose Jones' motion.[24] They assert that Jones' state law claims are preempted by the National Flood Insurance Act ("NFIA") and, therefore, are subject to removal.[25]

## STANDARDS OF LAW

### I. Motion to Remand

A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). When removal is challenged by a plaintiff seeking remand, the defendant attempting to establish that removal is proper bears the burden of proof. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Additionally, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720,

---
[21] R. Doc. No. 1-2, pp. 4-5, 7 ¶¶ 23 and 26.
[22] R. Doc. No. 1.
[23] R. Doc. No. 4-1, pp. 2-3.
[24] R. Doc. No. 7.
[25] R. Doc. No. 2-4.

723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000)); *see also Nash v. Kelleher & Co., Inc.*, 2006 WL 2644960, at *1 (E.D. La. 2006) (Africk, J.) ("Doubts concerning removal are to be construed against removal and in favor of remand to state court.") (citing *Manguno*, 276 F.3d at 723).

## II. Federal Question Jurisdiction

U.S. District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the claim arises under federal law, the Court examines

> the "well pleaded" allegations of the complaint and ignore[s] potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) (*quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L.Ed. 126 (1908)). Absent diversity jurisdiction, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* A "plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

5

Generally, federal preemption is merely a defense to state law claims, and "it is now settled law that a case cannot be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question at issue." *Caterpillar*, 482 U.S. at 393; *see also Beneficial*, 539 U.S. at 6 ("a defense that relies on…the pre-emptive effect of a federal statute…will not provide a basis for removal."). However, the "complete preemption doctrine" is an exception to the well-pleaded complaint rule.[26] *Id.* When an area of state law has been completely preempted, "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.*; *PCI Transportation, Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 543-44 (5th Cir. 2005). Thus, "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Beneficial,* 539 U.S. at 8).

### III.     Preemption under the National Flood Insurance Act

The NFIP is administered through the Federal Emergency Management Act (FEMA). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir.2005). A "standard flood insurance policy" can be issued under the NFIP by a private "Write-Your-Own" ("WYO") insurance provider, like State Farm, directly to consumers. *Id.* (citing *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998)). Payments on SFIP claims come ultimately from the federal treasury.

---

[26] Absent diversity jurisdiction, "a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act…, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial*, 539 U.S. at 8.

*Wright*, 415 F.3d at 386 (citing *Gowland*, 143 F.3d at 955). Accordingly, WYO's are considered fiscal agents of the United States. 42 U.S.C. § 4071(a)(1). While WYO carriers are reimbursed for defense costs when a claimant sues their carrier for payment of a claim, they are not reimbursed for litigation costs that "involve issues of agent negligence." *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

Section 4072 of the NFIA provides the following with respect to "judicial review" of claims brought pursuant to flood policies:

> the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and *upon the disallowance by the Director of any such claim,* or upon the refusal of the claimant to accept the amount allowed upon any such claim, *the claimant,* within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, *may institute an action against the Director on such claim in the United States district* court for the district in which the insured property or the major part thereof shall have been situated, *and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.*

42 U.S.C. § 2072 (emphasis added). "While the plain language of Section 4072 only addresses suits against the Director of FEMA, the Fifth, Sixth, and Third Circuits have held that Section 4072 applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program." *See Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 533 (E.D.La.2006) (Fallon, J.). Further, pursuant to FEMA regulations governing policy language, SFIP's contain the following language: "This policy and all disputes arising from the handling of any claim under the policy are governed by the flood insurance regulations issued by FEMA, the [NFIA]…, and Federal common law." 44 C.F.R. pt. 61, App. (A)(1), Art. IX (2001).

Based on this statutory language, the Fifth Circuit has held that certain state law claims related to an SFIP are preempted. Specifically, in *Wright*, the Fifth Circuit held that "state law

7

tort claims arising from *claims handling* by a WYO are preempted under federal law." 415 F.3d at 390. "Handling relates to the management of existing coverage which federal law and FEMA heavily regulate." *Nash*, 2006 WL 5644960, at *3.

However, a distinction is recognized in the Fifth Circuit between claims for policy handling, "which have traditionally been considered subject to federal jurisdiction," and claims for agent negligence in the procurement of a flood insurance, which have not. *Seruntine v. State Farm Fire & Cas. Co.,* 444 F.Supp.2d 698, 701 (E.D.La.2006) (Vance, J.) (citing *Landry*, 428 F.Supp.2d at 533); *Nash*, 2006 WL 5644960, at *4. The distinction between the two types of claims arises out of the fact that claims for improper handling are reimbursed by the Treasury, while claims relating to agent negligence in policy procurement are not. *Seruntine*, 444 F.Supp.2d at 702. The Fifth Circuit has recently explained that the "key factor" for determining whether "an interaction with an insurer is 'claims handing'" and, therefore, subject to preemption by the NFIA, "is the status of the insured at the time of the interaction between the parties. If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption." *Grissom v. Liberty Mutual Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012) (citing *Wright*, 415 F.3d at 389-90).

## *DISCUSSION*

In her Amended Complaint, Jones pleads only state law causes of action. She asserts causes of action for negligence, violations of Louisiana Revised Statutes §§ 6:337 and 6:338, and violations of the LUTPA against defendants MCC, ICMAC, and Englande,[27] and a cause of

---

[27] R. Doc. No. 1-2, pp. 2-4 and 6, ¶¶ 11, 12, 13, 17, 31, and 32.

action for negligence against State Farm.[28] Relying on *Wright*, defendants assert that removal is proper in this case because Jones' claims are "preempted" by the NFIA.[29]

The Court notes that Englande and ICMAC have not argued that the NFIA "completely preempts" state law, as required for removal jurisdiction. Further, while *Wright* held that state law tort claims arising from "claims handling" are preempted, it did not state whether it found complete preemption, as required for removal jurisdiction, or simply ordinary preemption, which merely creates a defense to a state law claim. *Seruntine*, 444 F.Supp.2d at 702.

Even assuming that the NFIA completely preempts state law claims for policy or claims handling, Jones has not asserted any such claims. Jones' claims do not arise from State Farm's adjustment or denial of a claim under the SFIP.[30] She does not dispute the amount of the flood insurance proceeds check issued by State Farm.[31] In addition, there is nothing in the record to suggest that there was an insurance policy in effect between Jones and State Farm at the time of the events that give rise to Jones' claims. MCC foreclosed on the insured property in 2010.[32] Jones no longer owned the property in January, 2012, when Bordelon notified her that he

---

[28] R. Doc. No. 1-2, pp. 4-5, ¶¶ 23 and 26. Englande and ICMAC assert that Jones' references to federal law in describing her claim against State Farm establish that this claim arises under federal law. R. Doc. No. 7, p. 5. Jones references federal caselaw relating to the NFIA in the paragraphs setting forth her allegations with respect to State Farm and acknowledges that the NFIA authorizes a policyholder to sue in federal court if "dissatisfied with the amount of a claim payment;" however, Jones asserts that "state jurisdiction continues to be appropriate for claims involving an agent's negligence" and, therefore, appropriate with respect to her claim against State Farm. R. Doc. No. 1-2, p. 5, ¶¶ 25-26. Further, Jones makes clear that any claim against State Farm is not based on its adjustment of her claim. R. Doc. No. 4-1, p. 4. Accordingly, the "well-pleaded" allegations of Jones' Amended Complaint do not state a federal cause of action against State Farm as Englande and ICMAC suggest.

The Court also notes that Jones does not request any relief against State Farm, she has not served State Farm, and she has indicated that she does not intend to do so. R. Doc. No. 12, p. 2, and No. 15, p. 1.

[29] R. Doc. No. 7, pp. 2-4.

[30] R. Doc. No. 1-2, pp. 4-5.

[31] *Id.*

[32] R. Doc. No. 3-9, p. 5, ¶ 49.

possessed the check, and she subsequently attempted to enjoin him from returning it to State Farm.[33] Further, Jones' negligence claim against State Farm is based on State Farm's refusal to deliver the check to her when she requested it on February 22, 2012, after State Farm already ceased to service the NFIP as a WYO on February 20, 2012.[34] Because Jones' claims do not arise from her interactions with a WYO under an effective SFIP, they cannot be characterized as "claims handling." *Grissom*, 678 F.3d at 400. Therefore, pursuant to Fifth Circuit caselaw, Jones' state law claims are not preempted by the NFIA.

While Englande and ICMAC argue that whether defendants breached any duty to Jones turns on whether "State Farm properly issued the claims check," which must be determined by the provisions of the SFIP,[35] this argument sounds as a defense to Jones' claims and it is, therefore, an insufficient basis to justify removal to this Court. *Chuska Energy Co. v. Mobil Exploration & Producing North Am., Inc.*, 854 F.2d 727, 730 (5th Cir. 1988); *see also Beneficial*, 539 U.S. at 6 ("To determine whether the claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses.").

Accordingly, resolving all doubts against removal and in favor of remand, the Court finds that Jones' claims arise outside of the "claims handling" context for which federal question jurisdiction exists.

---

[33] R. Doc. No. 1-2, pp. 3-4, ¶¶ 17, 21, and 23.

[34] R. Doc. No. 1-2, pp. 3-4, ¶¶ 17 and 21.

[35] R. Doc. No. 7, p. 4.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that Jones' motion to remand[36] the above-captioned matter is **GRANTED**, and the above-captioned action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, because this Court lacks subject matter jurisdiction over Jones' claims.

New Orleans, Louisiana, August 24th, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[36] R. Doc. No. 7.